# Atlantic Richfield Company v. Koway

*Norbert F. Bergholtz,* for plaintiff.
*Norman P. Zarwin,* for defendant.

GELFAND, *J.,* March 18, 1977 — Upon hearing argument pertaining to the motion of defendant, Richard Koway, Jr., to quash the appeal of plaintiff, Atlantic Richfield Company, and considering briefs and the record, it is the opinion of this court that defendant's position has no merit.

The facts indicate that Atlantic Richfield Com-

pany (hereinafter called "Atlantic") filed a landlord-tenant complaint in Municipal Court demanding possession of the premises occupied by Richard Koway, Jr. (hereinafter called "Koway"). Subsequently, Koway filed preliminary objections which were sustained by that court in an order dated December 8, 1976, dismissing the complaint for lack of jurisdiction under The Landlord and Tenant Act of April 6, 1951, P.L. 69, 68 P.S. §250.101 et seq.

On December 17, 1976, a writ of certiorari was issued by the prothonotary pursuant to the Act of December 2, 1968, P.L. 1137, 42 P.S. §3006, which provides that:

"In addition to the right of appeal from minor judiciary courts, the judges of the courts of common pleas, . . . shall have power to issue writs of certiorari to minor judiciary courts . . ."

On March 15, 1977, the matter came before this court for argument. The sole issue presented was whether Atlantic had followed the proper procedure in filing a writ of certiorari under 42 P.S. §3006.

Atlantic agrees that it has not followed the standard appellate procedure, but argues instead that it has merely chosen an alternative method for its appeal. Koway, on the other hand, argues that, while the filing of a writ of certiorari under 42 P.S. §3006 may be proper in matters where there is only a question of law at issue, it is not proper in the instant matter which presents mixed questions of fact and law. Consequently, he contends that the standard appellate procedure must be strictly followed, which was not done herein.

Although this court must agree with Atlantic that the filing of a writ of certiorari is a proper

alternative procedure, we cannot base our conclusion upon 42 P.S. §3006, which we have found to be a statute pertaining to the Pennsylvania Rules of Criminal Procedure and, consequently, inapplicable to a civil proceeding. Rather, we conclude that the filing of a writ of certiorari is the proper alternative procedure pursuant to Schedule 26 of the Judiciary Article of the Pennsylvania Constitution, Art. V, sec. 26, which states, in pertinent part:

". . . *in addition to the right of appeal* under section nine of this article, *the judges of the courts of common pleas, . . . shall have the power to issue writs of certiorari to the municipal court* in the City of Philadelphia, . . . and to cause their proceedings to be brought before them, and right and justice to be done." (Emphasis supplied.)

Accordingly, on this 18th day of March 1977, having concluded that there is an alternative procedure under which a writ of certiorari may be issued to the Municipal Court in a matter involving mixed questions of fact and law, it is hereby ordered and decreed that defendant's motion to quash appeal is denied.